UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JABARI REGAINS,

                  Petitioner,                  Case No. 2:19-cv-10573
                                                      Hon. Denise Page Hood

v.

CONNIE HORTON,

                  Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, (3) AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Jabari Regains was convicted after a jury trial in the Wayne Circuit Court of first-degree murder, MICH. COMP. LAWS § 750.316(1)(b), first-degree home invasion, MICH. COMP. LAWS § 750.110a, armed robbery, MICH. COMP. LAWS § 750.529, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to life imprisonment for the murder conviction and lesser terms for the other offenses.

The petition raises two claims: (1) Petitioner's trial was rendered fundamental unfair by the admission of gruesome photographs depicting the

crime scene, the victim's naked body, and the autopsy, and (2) insufficient evidence was admitted at trial to establish Petitioner's identity as one of the perpetrators of the crimes.

The Court will deny the petition because Petitioner's claims are without merit. The Court will also deny a certificate of appealability, and it will deny permission to appeal in forma pauperis.

## I. Background

The Michigan Court of Appeals summarized the facts surrounding Petitioner's jury trial:

> Defendants' convictions arose from the robbery and shooting death of William Fultz inside the Detroit apartment of Johnnie Mae Parrott, where Fultz had been living. The prosecutor's theory at trial was that the defendants were aided by Fultz's friend, Sharnethia Wells, who visited Parrott's apartment on the night of December 28, 2014, and engaged in sexual relations with Fultz. Wells pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, in exchange for her testimony against defendants at trial.
>
> Wells testified that she helped arrange for defendants to rob Fultz. At some point during the night of December 28, 2014, Wells left Parrott's apartment, but left the doors to the apartment and the building open or unlocked, enabling defendants to enter. Parrott testified that she woke up and discovered two men in her apartment, whom she was unable to identify at trial. One of the men pointed a gun at her and told her to be quiet. Fultz came out of his bedroom and asked the men what they wanted. The second man began going through Fultz's bedroom. Fultz charged at one of the men, and Parrott ran out of the apartment. As Parrott ran,

2

> she heard multiple gunshots. Parrott ran to another apartment and saw the two suspects leave her apartment, run to a car, and leave. When Parrott returned to her apartment, she searched for Fultz and eventually discovered his body in the basement of the building. He had received two gunshot wounds that caused his death.

*People v. Coleman*, 2017 WL 3090573, at *1 (Mich. Ct. App. Jul. 20, 2017).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal that raised what now form his two habeas claims. The Michigan Court of Appeals rejected the claims and affirmed Petitioner's conviction in an unpublished opinion. *Id*.

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Regains*, 906 N.W.2d 790 (Mich. 2018) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this

3

section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error

4

correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103 (internal quotation omitted).

### III. Analysis

I. Admission of Gruesome Photographs

Petitioner's first claim asserts that the trial court erred in allowing the prosecutor to admit photographs of the victim's body, the crime scene, and the autopsy. Petitioner asserts that because the case hinged on identification of the defendants and not whether the crimes had been committed, the prejudicial impact of the admission of the gruesome photographs was far greater than any probative value they added to the trial. The Michigan Court of Appeals found that the photographs were properly admitted. *Coleman*, 2017 WL 3090573, at *3-4.

To the extent Petitioner continues to claim that admission of the photographs violated state evidentiary rules or denied him due process, the claims lack merit. The extraordinary remedy of habeas corpus lies only for a

violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. The Court may not grant the writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

In any event, no clearly established Supreme Court law prohibits the introduction of such photographs at a murder trial. See e.g. *Franklin v. Bradshaw*, 695 F.3d 439, 456-57 (6th Cir. 2012)(state court's determination, that petitioner's right to fair trial was not denied by admission of 18 gruesome autopsy photographs of his victims that were shown to jurors on large projector screen during trial for aggravated arson, aggravated robbery, and aggravated murder, was not contrary to clearly established federal law). In particular, the introduction of graphic or gruesome photographs of a murder victim does not entitle a petitioner to habeas relief where there is some legitimate evidentiary purpose for the photographs' admission. See e.g., *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2005)(upholding the admission of

photographs depicting a victim's severed head, severed breast, and severed body parts placed near the victim's torso; the photos were highly probative of the prosecutor's claim that the petitioner beat the victim severely and meticulously dissected her body); *Frazier v. Huffman*, 343 F.3d 780, 789 (6th Cir. 2003)(finding acceptable the admission of multiple photographs of the victim used by the coroner to illustrate the nature of the encounter preceding the victim's death); *Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002)(observing that "although the photographs were gruesome, they were highly probative"). Whether Petitioner chose to contest the elements of the offenses or not, the prosecutor was still required to present evidence proving beyond a reasonable doubt the elements of the charged offenses. Photographs of the victim's condition were relevant to prove the elements regarding Petitioner's intent.

Accordingly, Petitioner's first claim does not present a basis for granting habeas relief.

II. Sufficiency of the Evidence

Petitioner's next claim asserts that insufficient evidence was presented to prove beyond a reasonable doubt his identity as one of the perpetrators of

the crime. After reciting the controlling constitutional standard, the Michigan Court of Appeals rejected the claim on the merits:

> Parrott's testimony indicated that two men were involved in the offense, one of whom pointed a gun at her during the offense. Although Parrott was not able to identify the assailants, Wells expressly identified the robbers as defendants Coleman and Regains. Wells testified that she was with Coleman and Regains before the robbery, told defendants that Fultz had money, and helped plan the robbery. Wells testified, "I set up the murder." Wells testified that when she left the apartment, she left the apartment doors unsecured, thereby allowing Coleman and Regains to gain entry into the apartment. Parrott's testimony corroborated that Wells was at the apartment shortly before the robbery. The evidence was sufficient to permit the jury to find beyond a reasonable doubt that Coleman and Regains were the two men who broke into Parrott's apartment and murdered Fultz.
>
> Defendants argue that the testimony of Wells and Parrott was not credible because they admitted to consuming drugs or alcohol on the night of the offense, and Wells had a motive to falsify her testimony to obtain the benefit of a favorable plea agreement, which allowed her to avoid a potential life sentence. However, the credibility of witness testimony is for the jury to resolve and this Court does not resolve it anew. *Dunigan*, 299 Mich. App. at 582; *Williams*, 268 Mich. App. at 419. In any event, we note that Parrott testified that she "barely touched" the crack cocaine offered by Wells that night, and she denied being "high" at the time of the offense. In addition, Wells testified that she had a high tolerance for alcohol, and she denied using any drugs before she went to see Fultz at Parrot's apartment that night.
>
> Further, Parrott's and Wells's accounts were consistent, and they were corroborated by other evidence. Wells and Parrot both testified about Wells's visits to Parrott's apartment on the night of the robbery. Wells testified that she used her cellular telephone to communicate with Coleman and Regains on the night of the

robbery, Parrott testified that she saw Wells using her cellular telephone while she was at the apartment before the robbery, and cellular telephone records corroborated that Wells communicated with both Coleman and Regains that night. Coleman's involvement in the offense was further supported by the testimony of Deandre Driver and Deshawn Leath, each of whom testified that Coleman made statements to them in which Coleman admitted his involvement in an offense similar to that described by Wells. Leath testified that Coleman admitted shooting a man during the offense and that items taken were "a few 8 balls, couple ounces of weed, and some money."

In addition, Wells testified that both defendants retrieved guns from underneath the hood of a car before the two defendants went into the apartment building. Testing of the two bullet fragments recovered from Fultz's body indicated that the bullets were fired by two different weapons. This evidence allowed the jury to infer that both defendants were armed during the offense and that each defendant shot Fultz.

The prosecution presented sufficient evidence to establish defendants' guilt of the charged crimes beyond a reasonable doubt.

*Coleman*, 2017 WL 3090573, at *2–3 (footnotes omitted).

The decision of the state court was reasonable. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding

of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the Jackson standard. See *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id*. For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination

that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Petitioner's argument boils down to a challenge to Wells' credibility based on her plea deal. Nevertheless, if the jury chose to accept Wells' testimony as true, it could have found beyond a reasonable doubt that Petitioner was guilty of the charged offenses. On habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Petitioner's sufficiency of the evidence claim is therefore without merit.

As neither of Petitioner's claims merit relief, the petition is denied.

### IV. Certificate of Appealability

A certificate of appealability will be denied because Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right with

respect to any of his claims. 28 U.S.C. § 2253(c)(2) and (3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court will deny permission to appeal in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 27, 2019